**Affirmed and Memorandum Opinion filed April 16, 2015.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-14-00150-CR

**JASON B. JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1333636**

## M E M O R A N D U M   O P I N I O N

Appellant Jason B. Jackson was convicted of possession with intent to deliver more than one but less than four grams of cocaine, a second-degree felony. *See* Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a), (c) (West 2010). Appellant presents one issue for review: whether the evidence is legally sufficient to show that appellant possessed the cocaine. We affirm.

FACTS AND PROCEDURAL BACKGROUND

On January 18, 2012, the Texas Department of Family and Protective Services (DFPS) received a tip that Shelley Fisher was with her children at a motel, selling drugs with her boyfriend. Patrick Marcil, a DFPS caseworker, was assigned to investigate. Marcil requested assistance from law enforcement. Deputy Brandon Herlong of the Harris County Constable's Office, Precinct Five, responded.

Herlong met Marcil in the parking lot outside the motel. The two knocked on the door to room 208. Fisher gave them permission to enter. The room was dark. Herlong used his flashlight to scan the room. Herlong and Marcil saw Fisher, appellant, and two young children in the room.

Herlong observed appellant walking away from a clothes rack in the bathroom area of the room. There was a coat hanging on the rack. The coat was moving.

Herlong searched the coat and found a plastic pill container. Inside the pill container, Herlong discovered a clear plastic baggy containing a white powdery substance. The contents of the baggy tested positive for cocaine and weighed 2.524 grams.

The room contained items normally associated with the narcotics trade. A digital scale was on the counter next to the sink. Herlong saw a white powdery substance on the scale. Marcil observed small Ziploc-style baggies on the counter.

Appellant was indicted for knowing possession with intent to deliver cocaine weighing more than one gram and less than four grams. The case was tried to a jury. Appellant did not put on any evidence. After the guilt-innocence phase, appellant moved for an instructed verdict, which was denied. The jury convicted appellant of the charged offense. The trial court subsequently sentenced appellant

to five years in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

In his sole issue on appeal, appellant challenges the sufficiency of the evidence to support the jury's verdict. Appellant argues that because the evidence does not link him to the cocaine, the State did not prove the possession element of the charged offense.

## STANDARD OF REVIEW

When evaluating the legal sufficiency of the evidence, we "consider all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and reasonable inferences therefrom, a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt." *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). We defer to the factfinder's (1) resolution of conflicts in testimony; (2) evaluation of the credibility and weight of the evidence; and (3) responsibility to draw reasonable inferences from basic facts to ultimate facts. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). This standard applies equally to circumstantial and direct evidence. *Laster v. State*, 275 S.W.3d 512, 517–18 (Tex. Crim. App. 2009). In reviewing cases based on circumstantial evidence, we need not find that the State's evidence negated every reasonable hypothesis other than the defendant's guilt. *See Geesa v. State*, 820 S.W.2d 154, 160–61 (Tex. Crim. App. 1991), *overruled on other grounds*, *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000). Our role "is restricted to guarding against the rare occurrence when a factfinder does not act rationally." *Laster,* 275 S.W.3d at 517. Accordingly, we will uphold the verdict unless a rational factfinder must have had a reasonable doubt as to any essential element. *Id.* at 518.

A person commits a second-degree felony offense if he knowingly possesses with intent to deliver over one but less than four grams of cocaine. Tex. Health & Safety Code Ann. §§ 481.102(3)(D), 481.112(a), (c). When an accused is charged with unlawful possession of a controlled substance, the State must prove: (1) the defendant exercised actual care, custody, control, or management over the contraband and (2) the accused knew the object he possessed was contraband. *Flores v. State*, 440 S.W.3d 180, 188 (Tex. App.—Houston [14th Dist.] 2013), *judgment vacated on other grounds*, 427 S.W.3d 399 (Tex. Crim. App. 2014); *see* Tex. Penal Code Ann. § 1.07(a)(39) (West Supp. 2014). Possession can be established with direct or circumstantial evidence. *Poindexter v. State*, 153 S.W.3d 402, 405–06 (Tex. Crim. App. 2005). The evidence must establish, to the requisite level of confidence, that the accused's connection with the drugs was more than just fortuitous. *Id.* at 406. This is the so-called "affirmative links" rule. *Id.*

When, as here, the accused is not in exclusive possession of the place where the contraband is found, the record must contain additional facts and circumstances linking the defendant to the contraband. *Flores*, 440 S.W.3d at 188. We must consider the totality of the circumstances when determining whether the defendant is linked to the contraband. *Id.* Mere presence at the scene where contraband is found does not establish possession. *Id.* However, presence or proximity might be sufficient to establish possession when combined with other direct or circumstantial evidence—i.e., "links." *Id.* We have established a nonexhaustive list of potential links that, individually or in combination, might establish the defendant's possession of contraband:

(1) the defendant's presence when a search is conducted;
(2) whether the contraband was in plain view,

(3) the defendant's proximity to and the accessibility of the narcotic;

(4) whether the defendant was under the influence of narcotics when arrested;

(5) whether the defendant possessed other contraband or narcotics when arrested;

(6) whether the defendant made incriminating statements when arrested;

(7) whether the defendant attempted to flee;

(8) whether the defendant made furtive gestures;

(9) whether there was an odor of contraband;

(10) whether other contraband or drug paraphernalia were present;

(11) whether the defendant owned or had the right to possess the place where the drugs were found;

(12) whether the place where the drugs were found was enclosed;

(13) whether the defendant was found with a large amount of cash; and

(14) whether the conduct of the defendant indicated a consciousness of guilt.

*Olivarez v. State*, 171 S.W.3d 283, 291 (Tex. App.—Houston [14th Dist.] 2005, no pet.). "The number of linking factors present is not as important as the 'logical force' they create to prove the crime was committed." *Id.* The absence of various links does not constitute evidence of innocence to be weighed against the links present. *Flores*, 440 S.W.3d at 189.

## ANALYSIS

The thrust of appellant's argument is that, under these factors, the State did not link him to the cocaine. We disagree.

Factor (1) favors a link because appellant was present when the police arrived and searched the motel room. *See Watson v. State*, 861 S.W.2d 410, 415–16 (Tex. App.—Beaumont 1993, pet. ref'd).

5

Factor (2) does not link appellant to the cocaine because the cocaine was hidden in a coat pocket. *See Flores*, 440 S.W.3d at 189.

Factor (3) favors a link. Appellant was seen in close proximity to the coat containing the cocaine and was observed moving away from the coat. The deputy saw the coat moving as appellant moved away from it towards the bathroom. The jury reasonably could have inferred that appellant was in close proximity to and could access the cocaine. *See Poindexter*, 153 S.W.3d at 409 n.24 (noting that link can be established when contraband is hidden in a place tied to the accused); *Flores*, 440 S.W.3d at 189.

Factors (4), (5), (6), (7), and (8) do not link appellant to the cocaine. The record does not show at the time of arrest that he was under the influence of any drugs; possessed other contraband or narcotics; made incriminating statements; attempted to flee; or made furtive gestures.

Factor (9) does not link appellant to the cocaine because the record does not indicate whether the contraband in this case had an odor.

Factor (10) favors a link. *See Flores*, 440 S.W.3d at 190. Herlong and Marcil saw in plain view a scale and baggies on the counter next to the sink. According to Herlong and Marcil, these items are normally associated with the narcotics trade. Additionally, Herlong observed a white powdery substance on the scale that he believed was either cocaine or methamphetamine.

Appellant contends factor (11) does not favor a link because he was merely a guest in a hotel room visiting his girlfriend. The evidence indicates, however, that Fisher and appellant were sharing the motel room. When Herlong and Marcil arrived, appellant and Fisher were not fully dressed. Fisher was wearing only a t-shirt, and appellant was wearing only boxer shorts. The children were sleeping.

The call received by DFPS indicated both Fisher and appellant were in the motel room together selling drugs. The jury rationally could have inferred from appellant's and Fisher's shared occupancy and state of undress at the time of Herlong's and Marcil's early-morning entry that appellant had at least a right of possession with regard to the motel room. This factor favors a link.[1] *See id.* (finding that indicators of possession support the inference of a right of possession); *Watson*, 861 S.W.2d at 415–16 (finding affirmative links to defendant even though defendant was not the registered occupant of motel room).

Factor (12), like factor (2), does not link appellant to the cocaine because the cocaine was found in an enclosed space, a coat pocket.

Factors (13) and (14) do not link appellant to the cocaine. The record contains no evidence that appellant had a large amount of money or that appellant's conduct indicated a consciousness of guilt.

In sum, upon entering the motel room shared by appellant and Fisher, Deputy Herlong observed appellant walking away from a jacket hanging on the motel-room clothes rack in the bathroom. The jacket was moving. When Deputy Herlong searched the jacket, he found a pill bottle containing a plastic baggy. The plastic baggy contained a white powdery substance that later tested positive for cocaine. Herlong and Marcil saw drug paraphernalia, a scale and plastic baggies, on the counter in plain view. From these facts, a juror rationally could have concluded that appellant had recently manipulated the moving jacket. A juror could have determined that appellant hid the pill bottle containing cocaine in the jacket pocket when Marcil and Herlong arrived. Therefore, a juror rationally could have concluded beyond a reasonable doubt that appellant exercised the requisite

---

[1] Although appellant asserts that the room was registered to Fisher, the record contains no evidence establishing the identity of the person renting the room.

7

care, custody, control, or management over the contraband and, based on the presence of other drug paraphernalia and appellant's attempt to conceal the pill bottle from Marcil and Herlong, that appellant knew the substance possessed was contraband.[2]

## CONCLUSION

Viewing the evidence in the light most favorable to the verdict, we hold that the evidence of links between appellant and the cocaine was legally sufficient to support the jury's verdict that he possessed the cocaine. We affirm the trial court's judgment.


/s/    Marc W. Brown
       Justice


Panel consists of Justices Jamison, Busby, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

[2] This case is distinguishable from *Allen v. State*, 249 S.W.3d 680 (Tex. App.—Austin 2008, no pet.). There, the evidence only established that the defendant was present in an apartment in which she did not reside when cocaine was found secreted throughout the house— in a plastic bag buried in a closed dog food bag; under the kitchen sink; in a kitchen cabinet; and on a platter on top of a refrigerator. *Id.* at 694–99. The Austin Court of Appeals held that this evidence was legally insufficient to support a conviction for cocaine possession. *Id.* at 704. Here, in contrast, the evidence indicates that appellant was sharing possession of the motel room with Fisher; the cocaine was found in the pocket of a moving jacket in close proximity to appellant; the cocaine was immediately apparent when Herlong opened the pill bottle; and drug paraphernalia was seen in plain sight.